UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

        Plaintiff,

  v.

JACK CHAO, individually and d/b/a METRO PIZZA BUFFET; NOPADA PROPERTIES DEVELOPMENT IV, a California Limited Partnership,

        Defendant.

No. 2:07-cv-1151-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

Through the present action, Plaintiff Scott Johnson ("Plaintiff") alleges Defendant Jack Chao ("Defendant"), individually and as owner of the Metro Pizza Buffet ("restaurant"), is in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et seq., and California Civil Code §§ 51-52 for providing inadequate access for persons with disabilities to the premises on which the restaurant is located.

///

Plaintiff seeks both injunctive and monetary relief.  Now before this Court is Defendant's Motion for More Definite Statement under Federal Rule of Civil Procedure 12(e)[1].

## BACKGROUND

Plaintiff alleges that on February 9, 2007, he visited Defendant's restaurant but did not stay because of the lack of a van accessible disabled parking space.  On February 13, 2007, Plaintiff sent a 30-Day Correction Notice to Defendant informing him about the lack of accessibility and requested that the property be brought back into conformity with ADA requirements.  On March 29, 2007, Plaintiff claims he again visited Defendant's restaurant but did not stay because property alterations were in progress.  Defendant performed some parking lot leveling, but allegedly relocated the disabled parking to a location with a slope greater than two percent.  Plaintiff also claims that the entrance ramp slope is too steep and that the landing is non-compliant.  Plaintiff alleges that he has foregone five visits to the restaurant because of the architectural barriers on the premises.

///
///
///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

**STANDARD**

Before interposing a responsive pleading, a defendant may move for a more definite statement "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  A Rule 12(e) motion is proper when the plaintiff's complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted.  Gay-Straight Alliance Network v. Visalia Unified Sch. Dist., 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).

Due to the liberal pleading standards embodied in Rule 8(e) and the availability of extensive discovery, courts should not freely grant motions for more definite statements.  Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981).  Indeed, a motion for a more definite statement should be denied unless the information sought by the moving party is not available and is not ascertainable through discovery.  Id.

**ANALYSIS**

In the Motion for More Definite Statement, Defendant claims that Plaintiff's complaint does not provide a clear and concise factual statement about the type of specific architectural barriers alleged to be non-compliant with the ADA.

///

///

1  Defendant identifies specifically the lack of definitions
2  provided in Plaintiff's complaint regarding "van accessible
3  disabled parking space," "accessible route," accessible
4  entrance," and "accessible restrooms."  As a result, Defendant
5  claims he is incapable of framing appropriate and full responses
6  or pleading adequate defenses.
7      Defendant does not cite any authority that holds that such a
8  level of definition is required under the federal pleading
9  standards.  Indeed, "a short and plain statement of the claim
10 showing that the pleader is entitled to relief" is all that
11 Plaintiff is required to provide in this regard. <u>See</u> Fed. R. Civ.
12 P. 8(a).  Defendant also does not claim that the information
13 sought by the moving party is not available or is not
14 ascertainable through discovery.
15     Regarding Defendant's objections to the lack of definition
16 to the above listed terms, Plaintiff's complaint states that the
17 slope of the new disabled parking location is greater than two
18 percent and that the landing is non-compliant.  Further, the
19 complaint also identifies the sections of the Americans
20 Disabilities Act Accessible Guidelines ("ADAAG") applicable to
21 the issue of disabled parking and access, including "§ 4.3
22 Accessible Route," "§ 4.6 Parking and Passenger Loading Zones,"
23 "§ 4.14 Entrances," and several others.
24     These statements and allegations provide sufficient
25 specificity to enable Defendant to ascertain the nature of the
26 claims being asserted and allow for a properly framed responsive
27 pleading.  Accordingly, Defendant's Motion for More Definite
28 Statement lacks merit.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for More Definite Statement is DENIED.

IT IS SO ORDERED.

Dated: October 12, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE